## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KELVIN GREEN,

                    Petitioner,

                                     Case Number: 4:14-CV-11926

v.                                Honorable Linda V. Parker

C. STODDARD,

                    Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Kelvin Prentiss Green, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, petitioner challenges his conviction for felon in possession of a firearm, Mich. Comp. Laws § 750.224f; carrying a concealed weapon, Mich. Comp. Laws § 750.227; and possession of a firearm during a felony [felony-firearm], Mich. Comp. Laws § 750.227b.  For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

### I.  Background

Petitioner was convicted following a jury trial in the Wayne County Circuit

1

Court.  This Court recites verbatim the relevant facts relied upon by the Michigan

Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C.

§ 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Four police officers were instructed to pay special attention to a gas
> station in Detroit, Michigan, based on suspicion of possible narcotic
> activity.  When the police officers drove to the gas station, defendant was
> inside and he noticed their squad car.  He then walked down an aisle,
> bent over, and returned to the counter.  Because defendant's behavior
> was suspicious, the four officers entered the store.
>
> When one of the officers asked defendant what he was doing, defendant
> replied that he was working.  Another officer walked down the same
> aisle defendant had, found a loaded revolver in the chip rack where
> defendant had bent down, and alerted his partners.  Defendant was then
> handcuffed and patted down, which revealed an inside-the-pants gun
> holster on his right leg.  During his interview with the police, defendant
> said that he was working "doing security" and that he carried the holster
> in his waistband for "intimidation, the psych thing."  The owner of the
> gas station testified that defendant had been working at the gas station as
> a handyman, not a security guard, on an as-needed basis.

*People v. Green*, No. 311217, 2013 WL 5495571,*1 (Mich.Ct.App. Oct. 3,
2013).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 843 N.W.2d 543

(2014).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.     Appellant's convictions for carrying a concealed weapon,
       felon in possession of a firearm, and felony firearm must be
       vacated as the prosecution failed to present sufficient
       evidence he carried or possessed the weapon to satisfy the

2

due process standard of guilt beyond a reasonable doubt.

II.    Due process requires vacating appellant's carrying a concealed weapon conviction where the prosecutor failed to prove beyond a reasonable doubt that the "place of business" exception did not apply as there was substantial evidence presented by the people that appellant worked at the location where the gun was alleged[ly] carried.

(ECF No. 1 at Pg. ID 7, 9.)

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme

3

Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at

4

102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III.  Discussion

The Court discusses petitioner's two sufficiency of evidence claims together for judicial economy.

Petitioner initially contends that there was insufficient evidence to convict him of carrying a concealed weapon, felon in possession of a firearm, and felony firearm.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably

5

support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Therefore, for a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

6

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir.2003).

Under Michigan law, the elements of felony-firearm are that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. *See Parker v. Renico*, 506 F. 3d 444, 448 (6th Cir. 2007). The elements of felon in possession of a firearm in Michigan are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *Id.* The elements of carrying a concealed weapon are (1) that the defendant carried a weapon; and (2) that the weapon was concealed on or about the defendant's person. *People v. Davenport,* 89 Mich. App. 678, 682; 282 N.W. 2d 179 (1979).

Under Michigan law, possession of a firearm can be either actual or

7

constructive. *Parker v. Renico,* 506 F. 3d at 448 (citing *People v. Hill*, 433 Mich. 464; 446 N.W.2d 140, 143 (1989)).  Under both federal and Michigan law, "a person has constructive possession if there is proximity to the [weapon] together with indicia of control." *Id*.  "Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Parker*, 506 F. 3d at 448, n. 3(quoting *Hill*, 446 N.W. at 143).  "As applied, 'reasonable access' is best calibrated to instances where a defendant commits a crime emboldened by a firearm available, but not in hand." *Id*.  The Sixth Circuit notes that "[c]onstructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Parker,* 506 F. 3d at 449 (quoting *United States v. Craven*, 478 F. 2d 1329, 1333 (6th Cir. 1973), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977)).  Finally, both actual and constructive possession of a weapon may be proven by circumstantial evidence. S*ee e.g. U.S. v. Stafford*, 721 F.3d 380, 392 (6th Cir. 2013).

Petitioner contends that there was insufficient evidence presented at trial to show that he ever possessed, threw, or had knowledge of the firearm that was recovered from the crime scene.  The Michigan Court of Appeals rejected petitioner's

claim:

> In the instant case, the prosecution presented evidence that defendant was in close proximity to the firearm.  When defendant realized that the police had arrived, he walked down an aisle and bent down.  The gun was later found at the location where defendant had bent down.  Furthermore, defendant had a gun holster on his person, which was an "indicia of control." *Burgenmeyer*, 461 Mich. at 438.  In light of defendant's suspicious behavior, close proximity to the weapon, and the fact that he had a holster, we find that there was sufficient evidence of constructive possession.

> While defendant emphasizes the lack of evidence of actual possession, "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v. Carines*, 460 Mich. 750, 757; 597 NW 2d 130 (1999) (quotation marks and citation omitted).  Furthermore, because this challenge must be viewed in a light most favorable to the prosecution, we draw all inferences in favor of the jury's verdict. *Wolfe*, 440 Mich. at 515.  Thus, there was sufficient evidence of the possession element required for defendant's convictions.

*People v. Green*, 2013 WL 5495571, at *2.

There was sufficient circumstantial evidence for a rational trier of fact to conclude beyond a reasonable doubt that petitioner had at some point had possession of a firearm.  The police witnessed petitioner walk down an aisle, bend over and walk back up to the counter.  A firearm was later found in the chip rack where petitioner bent down.  Furthermore, a gun holster was found on his person, which was an "indicia of control."  The evidence presented thus allowed the jurors to reasonably infer that petitioner had, at least at some point, concealed the loaded revolver in a gun

9

holster located on his right leg before dispensing with it by walking down an aisle and placing it in the chip rack.

In light of the evidence presented in this case, this Court cannot say that the jury's verdict "was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. at 2065. Petitioner is not entitled to habeas relief on his first claim.

Petitioner next contends that the prosecutor failed to show that the "place of business exception did not apply" when sufficient evidence was presented that petitioner worked at the location where the gun was allegedly carried. (ECF No. 1 at Pg. ID 9.)

The Michigan Court of Appeals rejected petitioner's claim, as follows, finding that petitioner did not have a possessory interest in the property claimed to be the place of business:

Michigan's CCW statute states:

> A person shall not carry a dagger, dirk, stiletto, a double-edged nonfolding stabbing instrument of any length, or any other dangerous weapon, except a hunting knife adapted and carried as such, concealed on or about his or her person, or whether concealed or otherwise in any vehicle operated or occupied by the person, except in his or her dwelling house, place of business or on other land possessed by the person. [MCL 750.227(1).]

10

"In order to qualify for the [place of business] exception, the defendant must present evidence that the location where the [firearm] was carried was defendant's [place of business]." *People v. Pasha*, 466 Mich. 378, 382; 645 NW 2d 275 (2002). It is well-settled law in Michigan that one asserting the exception must demonstrate that he had a possessory interest in the property claimed to be the place of business. *People v. Clark*, 21 Mich.App 712, 715–716; 176 NW 2d 427 (1970).

While defendant presented evidence at trial that he worked at the gas station, this alone does not satisfy the place of business exception. Defendant had to demonstrate that he had a possessory interest in the gas station. *Clark*, 21 Mich.App at 715–716. Because he presented no evidence to that effect, he failed to demonstrate that the place of business exception applies.

*People v. Green*, 2013 WL 5495571, at *2.

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. *See Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002). Moreover, a federal court on habeas review must distinguish a sufficiency of evidence claim from state law claims which are disguised as *Jackson* claims. *Id*. (citing *Bates v. McCaughtry*, 934 F.2d 99, 103

11

(7th Cir. 1991)).  This Court must therefore defer to the Michigan Court of Appeals' construction of the elements of state crimes. *See Coe v. Bell*, 161 F.3d 320, 347 (6th Cir. 1998).

The Michigan Court of Appeals ruled that for purposes of Michigan's place of business exception, that petitioner must have a possessory interest in the property claimed to be the place of business.  The owner of the business testified that petitioner was employed as a handyman.  Without a possessory interest in the business, petitioner was not entitled under Michigan law to claim a "place of business" exception.  This Court must defer to the Michigan Court of Appeal's construction of the term "place of business."  The prosecution was not required to prove beyond a reasonable doubt that the "place of business" exception did not apply due to the fact that petitioner had no possessory interest in the gas station, so as to entitle him to claim this exception.  Petitioner's second claim is without merit.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the

petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).   The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED t**hat a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal in

forma pauperis.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 19, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 19, 2016, by electronic and/or U.S. First Class mail.

S/ Kelly Winslow for Richard Loury
Case Manager

14